936 F.2d 574
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
David M. PATTERSON, Defendant-Appellant.
 No. 90-5848.
 United States Court of Appeals, Sixth Circuit.
 June 21, 1991.
 
 Before BOYCE F. MARTIN, Jr. and DAVID A. NELSON, Circuit Judges, and BAILEY BROWN, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 On January 11, 1991, this court issued an order holding our decision in this case in abeyance pending the Supreme Court's decision in Chapman v. United States, No. 90-5744. On May 30, 1991, the Supreme Court announced its decision, Chapman v. United States, 59 U.S.L.W. 4530 (1991); we therefore feel it appropriate to restore this case to the active docket and render a decision. Although we indicated in our order that the parties could resubmit briefs after the Chapman decision was rendered, because the Supreme Court's decision is dispositive of the issue presented by this case, rebriefing would unnecessarily delay the final resolution of this appeal. For the following reasons, we affirm.
 
 
 2
 The facts of this case are not in dispute. On March 1, 3, 11, and 16, 1989, John McCampbell purchased a quantity of 2,800 blotter squares containing LSD from David Patterson. On March 21, 1989, McCampbell met with David Patterson for the purpose of paying Patterson for the LSD which McCampbell had previously purchased from him. This meeting was under the direction and surveillance of Terry Wolfe of the Tennessee Highway Patrol and Joe Mann of the FBI. During this meeting, McCampbell wore a body transmitter which recorded the conversation between him and Patterson. During the conversation, Patterson made statements in which he identified himself as the person who had supplied the LSD to McCampbell. Patterson was subsequently arrested.
 
 
 3
 After consulting with his attorney, Patterson admitted that he had furnished the LSD to McCampbell on several occasions. Patterson agreed to forfeit his 1987 Honda Accord automobile which he had used to collect the money after the LSD had previously changed hands. Patterson also agreed to cooperate with FBI agents and made three different controlled purchases of marijuana from three different individuals. Patterson also testified before the Federal Grand Jury in Knoxville, Tennessee on two separate occasions.
 
 
 4
 The 2,800 blotter squares of LSD sold by Patterson were analyzed by Forensic Services--Crime Laboratory of the Tennessee Bureau of Investigation. The laboratory determined that the 2,800 dosage units consisted of 2,800 squares of blotter paper with each square of paper containing a total weight of 52 micrograms of LSD for a total weight of .1456 grams of LSD and a total weight, including paper and LSD, of 17.2 grams.
 
 
 5
 The sentencing hearing was held on June 12, 1990. At the hearing, a former DEA forensic chemist, Mr. Gerald Roberts, testified by way of stipulation about the chemical properties of LSD and its preparation. Roberts testified that the weight of the carrier has nothing to do with the amount of LSD that is actually on the carrier. Furthermore, Roberts testified that in his opinion the blotter paper in this case did not constitute a "mixture or substance" for the purpose of sentencing. The district court, relying on our opinion in United States v. Elrod, 898 F.2d 60 (6th Cir.1990), included the weight of the blotter paper with the LSD in determining the total weight of the mixture or substance containing LSD. Using this figure, the district court concluded that the minimum sentence under the Sentencing Guidelines would be a period of incarceration for ten years. Because of Patterson's cooperation with governmental officials, the district court sentenced Patterson to a period of five years incarceration, five years supervised release, and imposed a mandatory fine of fifty dollars.
 
 
 6
 Patterson argues that the district court erred in including the weight of the blotter paper in calculating the quantity of LSD to invoke the ten-year minimum sentence. In Chapman, the Supreme Court held that the "blotter paper customarily used to distribute LSD[ ] is a 'mixture or substance containing a detectable amount' of LSD." 59 U.S.L.W. at 4532. Therefore, the district court was entirely correct in including the weight of the blotter paper in calculating the quantity of the "mixture or substance" containing LSD in determining Patterson's sentence.
 
 
 7
 Patterson next argues that the district court erred in its application of the Federal Sentencing Guidelines by failing to consider the assistance he provided to the government. The record, however, reflects that Patterson did receive a reduction in sentence by one-half the otherwise minimum mandatory term of incarceration he would have received because of the assistance he rendered to the government. The fact that Patterson received the same sentence as McCampbell does not establish a misapplication of the Guidelines since Patterson was higher up the distribution chain than McCampbell.
 
 
 8
 Therefore, the judgment of the district court is AFFIRMED.